## AMERICAN CAN CO. v. M. J. B. CO.
### No. 786.

District Court, D. Delaware.
Oct. 8, 1931.

John C. Carpenter, of Chicago, Ill., and Ward & Gray, of Wilmington, Del., for plaintiff.

Richard J. Cook, of Seattle, Wash., and William G. Mahaffy, of Wilmington, Del., for defendant.

NIELDS, District Judge.

Since the filing of the opinion and the entry of a final decree in this cause [51 F. (2d) 761], the plaintiff has moved the court to rule upon each of the requested findings of fact and conclusions of law filed by it prior to the submission of the case. The motion is based upon the provisions of new Equity Rule 70½ (28 USCA § 723). It provides: "In deciding suits in equity, including those required to be heard before three judges, the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rules 75 and 76."

Each of the requests submitted by the plaintiff, as well as those submitted by the defendant, was fully considered. I do not understand the above rule to require the District Court to pass seriatim upon the respective requests for findings submitted by the parties. In Briggs v. United States, 45 F. (2d) 479 (C. C. A. 6) Judge Denison, in referring to this rule, stated: "Lacking any exposition of that rule by the Supreme Court, we do not understand that it contemplates, in the ordinary equity case, all the proceedings and formalities which attend such findings in suits at law. Until it is otherwise authoritatively held, we shall think the rule satisfied by a clear and concise statement by the trial judge—whether called findings or opinion—which shows what he regards as the essential facts and the applicable rules of law."

The opinion of the court in this case, as filed, contains a statement of the essential facts and applicable rules of law, indicating the grounds of the decision (Virginian Ry. Co. v. United States, 272 U. S. 658–675, 47 S. Ct. 222, 71 L. Ed. 463), and appears to fully comply with the provisions of Equity Rule 70½.

The motion will be denied.